FILED

2020 JUN 17 PM 5:52

DISTRICT COURT
DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

HELMUD CESAR HERNANDEZ ARCE
a/k/a Manuel Colon Rodriguez

CASE NO. 6:20-cr-92-Orl-41GJK
18 U.S.C. § 1542
18 U.S.C. § 1546(a)

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

On or about August 20, 2012, in the Middle District of Florida, the defendant,

**HELMUD CESAR HERNANDEZ ARCE
a/k/a Manuel Colon Rodriguez,**

did willfully and knowingly use a United States passport in the name of M.C.R., the issuance of which was secured in any way by reason of a false statement, in that the defendant falsely stated in the underlying passport application that his name was M.C.R. and that he was born on xx/xx/1978, in Puerto Rico, when in truth and in fact, as the defendant then and there knew, his name was not M.C.R. and he was not born on xx/xx/1978, in Puerto Rico.

In violation of 18 U.S.C. § 1542.

## COUNT TWO

On or about July 9, 2016, in the Middle District of Florida, the defendant,

### HELMUD CESAR HERNANDEZ ARCE
### a/k/a Manuel Colon Rodriguez,

did knowingly possess and use an immigrant visa, which the defendant knew to be procured by means of a false claim and statement, otherwise procured by fraud, and unlawfully obtained, in that the defendant falsely stated in the underlying immigrant visa application that he had never before sought to obtain a visa, entry into the United States, or any other United States immigration benefit by fraud or willful misrepresentation or other unlawful means.

In violation of 18 U.S.C. § 1546(a).

## FORFEITURE

1. The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 982(a)(6).

2. Upon conviction of a violation of 18 U.S.C. § 1542 or 1546, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(6):

   a. Any conveyance, including any vessel, vehicle, or aircraft

used in the commission of the offense;

    b. Any property, real or personal, that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense; and

    c. Any property that is used to facilitate, or is intended to be used to facilitate, the commission of the offense.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Jennifer M. Harrington
Assistant United States Attorney

By: _____
Sara C. Sweeney
Assistant United States Attorney
Deputy Chief, Orlando Division

4

# UNITED STATES DISTRICT COURT
Middle District of Florida
Orlando Division

THE UNITED STATES OF AMERICA

vs.

HELMUD CESAR HERNANDEZ ARCE
a/k/a Manuel Colon Rodriguez

## INDICTMENT

Violations:  18 U.S.C. § 1542
18 U.S.C. § 1546(a)

A true bill,

_____
Foreperson

Filed in open court this 17th day of June, 2020.

_____
Clerk

Bail $_____